### DEPIERRIS *v.* MATTERN.

*(Supreme Court, Special Term, New York County.   May 31, 1890.)*

NUISANCE—ERECTION OF BUILDING—INTENDED BUSINESS.

The fact that a building in course of construction may, when completed, be used for a business which will be a nuisance to an adjoining owner, is not a ground for restraining the completion of the building, where it is not of itself a nuisance.

At chambers. Action by Bertrand D. Depierris against Jacob Mattern, that defendant be perpetually enjoined from using the building No. 215 West Fifty-Third street, in the city of New York, or the extension to be erected

thereto, for a wagon shop, paint shop, or forge. Plaintiff moves for an injunction *pendente lite.*

*Thomas F. Murtha,* for plaintiff. *Clemens J. Kracht,* for defendant.

LAWRENCE, J. The plaintiff asks for an injunction restraining the defendants, his agents, servants, and employes, from proceeding with the alteration, adaptation, and use of the building known as "No. 215 West Fifty-Third Street," in the city of New York, or with the building or construction of an extension or addition thereto. It appears from the papers submitted by the plaintiff that the defendant threatens to build an extension to the house in question, and intends to make, and is making, alterations on the same. It is alleged, on information and belief, that the business to be carried on by the defendant in said building when completed, and in said house when altered, is that of building and repairing wagons and vehicles, and, in addition to and in conjunction with said business, it is the intention of defendant to carry on a blacksmithing establishment and paint shop. The affidavits submitted by the defendant show that the building will not be completed or ready for use until about September 1, 1890. There is no allegation in the complaint that the alteration to and extension of the building would amount to a violation of the building laws. Indeed, it appears that the plans have been submitted to and approved of by the superintendent of buildings. The possibility or probability that the property may be used when the building is completed in a manner detrimental to the plaintiff's rights is no ground for granting an injunction in the first instance. The building itself is not a nuisance. See *Bridge Co.* v. *Paige,* 83 N. Y. 188, where EARL, J., in delivering the opinion of the court, says: "A wrong or unlawful motive in erecting a building otherwise lawful does not make the building itself unlawful or a nuisance." See, also, *Morgan* v. *City of Binghampton,* 102 N. Y. 500, 7 N. E. Rep. 424. I am therefore of the opinion that this application is premature, and that it should be denied, with costs.